USCA1 Opinion

 

 [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-1377

 VICTOR A. RIVERA,

 Plaintiff, Appellant,

 v.

 COMMISSIONER OF SOCIAL SECURITY,

 Defendant, Appellee.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Salvador E. Casellas, U.S. District Judge]

 Before

 Torruella, Chief Judge,
 Selya and Boudin, Circuit Judges.
 
 

 Melba N. Rivera-Camacho and Melba N. Rivera Camacho & Assocs.on brief for appellant.
 Guillermo Gil, United States Attorney, Lilliam Mendoza-Torro,
Assistant U.S. Attorney and Wayne G. Lewis, Assistant Regional
Counsel on brief for appellee.

December 9, 1998

 
 

 Per Curiam. After carefully considering the full
 record and the parties' briefs, we agree that there was
 substantial evidence to support the decision of the
 Commissioner of Social Security that claimant's back condition,
 emotional impairment, and diabetes did not render claimant
 disabled prior the date he (claimant) reached 60 years of age. 
 The judgment of the district court in regard to these
 conditions is therefore affirmed for essentially the reasons
 stated in the magistrate judge's Report and Recommendation
 which was adopted by the district court on January 22, 1998. 
 We reach a different conclusion in relation to the carpal
 tunnel syndrome.
 Where, as here, sedentary work is involved, "good use
 of the hands and fingers" is required. See Heggarty v.
 Sullivan, 947 F.2d 990, 996 (1st Cir. 1991) (per curiam)
 (internal quotation marks and citation omitted). In
 determining that claimant's carpal tunnel syndrome did not
 result in any significant manipulative limitations, the only
 medical evidence before the administrative law judge (ALJ) was
 the diagnosis of carpal tunnel syndrome, the test report
 confirming the diagnosis, and the observation that claimant had
 lost strength in his left hand. The physicians who reported on
 the carpal tunnel syndrome, however, did not apply their
 findings to any vocational criteria as required by the
 regulations. See 20 C.F.R. 404.1513(b) and (c) (medical
 reports should include "[a] statement about what you can still
 -2-
 do despite your impairment(s)," including a statement about the
 ability to do work-related activities such as "handling
 objects"). Thus, the ALJ was confronted with only "raw medical
 data." We have held that, as a lay factfinder, an ALJ lacks
 sufficient expertise to interpret such data. See Rivera-
 Figueroa v. Secretary of Health and Human Services, 858 F.2d
 48, 52 (1st Cir. 1988) (per curiam); Berrios v. Secretary of
 Health and Human Services, 796 F.2d 574, 576 (1st Cir. 1986)
 (per curiam) (a lay person such an ALJ is not competent to
 interpret "raw, technical medical data").
 Given this state of the record, the evidence, at the
 least, is ambiguous regarding the disabling effects of the
 carpal tunnel syndrome. One question, for example, is whether
 the carpal tunnel syndrome precluded any sedentary work
 claimant could do i.e., whether claimant was disabled prior
 to the date he turned 60. Since (1) the burden is on the
 Commissioner at step five of the sequential process, (2)
 claimant was not represented at the hearing by an attorney, (3)
 the claim regarding the carpal tunnel syndrome "itself seems on
 its face to be substantial," and (4) there are significant gaps
 in the record, a remand is required for the Commissioner to
 obtain further evidence. See Heggarty, 947 F.2d at 997-98. 
 Such evidence should include a consultation with an MA for the
 purpose of having the MA interpret the medical data in lay
 terms. See Richardson v. Perales, 402 U.S. 389, 408 (1971)
 (approving the use of medical advisors "in complex cases for
 explanation of medical problems in terms understandable to the
 layman-examiner"). Only after obtaining such information can
 a decision regarding the extent of claimant's disability, if
 any, be made.
 The judgment of the district court is vacated only in
 relation to the carpal tunnel syndrome, and the matter is
 remanded with directions to remand to the Secretary for further
 proceedings consistent with this opinion. In all other
 respects, the judgment is affirmed.